IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE 1 and JOHN DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, *et al.*;<br><br>Defendants. | Case #: 1:20-cv-03043 (BAH) |

**MOTION FOR RECONSIDERATION FOR PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL PERSONALLY IDENTIFYING INFORMATION**

## I.  INTRODUCTION

On October 21, 2020, Plaintiffs—surviving family of the victims of Flight PS752—filed a motion (hereinafter "Plaintiffs' Motion") before this Court to proceed under pseudonym and to seal personally identifying information in their filing against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps (IRGC) and Hossein Salami, Commander-in-Chief of IRGC (together "Defendants") for the intentional shooting down of Ukraine International Airlines Flight PS752 on January 8, 2020. This Court denied Plaintiffs' motion in an Order dated October 23, 2020 (hereinafter "Order"). Plaintiffs now submit additional evidence to address the Court's reasons for denial, and ask that the Court reconsider and grant Plaintiffs' Motion for the causes now stated.

1

## II.     ARGUMENT

Plaintiffs reassert all statements and arguments contained in the original Plaintiffs' Motion, and address in this motion the speculative nature of Plaintiffs' concerns for the safety of themselves and their families, as identified in the Court's October 23, 2020 Order. In denying Plaintiff's Motion, the Court writes, "At this stage of the litigation, this Court is not persuaded that plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. Plaintiffs' concerns are simply too speculative." *Order* at 3–4. Plaintiffs have asserted their fear of reprisal by Iran in their identities were made public in the process of this litigation, but as the Court noted, did not identify specific grounds for this fear particular to themselves or to the matter at hand. Plaintiffs now file this motion to reconsider, accompanied by evidence demonstrating why Plaintiffs' fear is credible and supported by concrete actions by Iran.

### A.     Iran Has Already Retaliated Against Relatives of Other Flight PS752 Victims

Canada-based spokesperson for the victims' families, Hamed Esmaeilion, has reported multiple incidences of harassment and threats towards himself and other surviving relatives to the federal police in Canada. Mr. Esmaeilion lost his wife and daughter on Flight PS752, and was vocal in his criticism of Iran's actions in the disaster. Subsequently, he received threatening messages through social media, and has reported "hate messages, suspicious cars, strange calls and death threats."[1] Mr. Esmaeilion is not alone in this experience. The family of another PS752 crash victim has also undergone harassment and persecution for their public statements regarding the incident:

---

[1] Maryan Sinaee, "Iran Crash Victims Spokesman Reveals 'Death Threats' After Dissident's Murder In Canada", IRAN INTERNATIONAL. available at https://iranintl.com/en/world/iran-crash-victims-spokesman-reveals-%E2%80%98death-threats%E2%80%99-after-dissident%E2%80%99s-murder-canada.

> [T]he parents, younger brother and aunt of Amir Hossein Saeedinia allege they were forced to flee Iran — first to Turkey, then to Canada in February — because of threats from Iranian authorities after they spoke out about his death on Flight 752. The aunt claims agents of the Iranian regime detained her, abused her and warned her to keep her family silent. *"The worst things that could happen to a person in those 24 hours ... they did to me,"* Fatemeh Latifi told CBC News through a translator on March 5.[2] (Emphasis added).

Remaining family members in Tehran, Iran have still been harassed for their relatives' actions: "Reza Akbari of the Iranian Heritage Society of Edmonton said government officials visited Saeedina's grandparents in Iran and asked them why their family was betraying their country." *Id.* The husband of another Flight PS752 victim, Javad Soleimani, reported receiving "an hour-long phone call from someone claiming to be a high ranking official with the Iranian regime after he criticized the government online" and that after he refused to take down the Instagram post in question his family in Iran were contacted by the government and pressured. *Id.* According to Persian news sources, relatives living in Iran have been intimidated and even threatened with death on the basis of the actions taken by their family members in speaking out against the Iranian government's role in the incident and subsequent handling of the investigation:

> "Several members of the victims' families have been forced to participate in interviews with the regime-linked media and stress on their allegiance to the Islamic Republic Supreme Leader," a foreign-based Persian website, Zeytoun, reported on January 23, adding, *"(The Islamic Republic) intelligence agents have threatened the relatives that should they reject offers for interviews, they would never receive the body of their loved ones*."[3] (Emphasis added).

Plaintiffs believe that if their names were to be revealed to Defendants or the public in connection with litigation against Iran regarding the crash of Flight PS752, they and their Iranian

---

[2] Ashley Burke, "Families of Flight 752 victims report threats, acts of intimidation — and blame Tehran", CANADIAN BROADCASTING COMPANY, available at https://www.cbc.ca/news/politics/iran-flight-752-ukraine-international-airlines-crash-1.5521377.

[3] "Plane Crash Victims' Families Complain Of Harassment By Iranian Officials", RADIO FARDA, available at https://en.radiofarda.com/a/plane-crash-victims-families-complain-of-harassment-by-iranian-officials/30404475.html.

3

relatives will be subjected to harassment, threats, and illegal arrest just as other victims' relatives have been. Plaintiffs have every reason to anticipate the same treatment if they can be identified as individuals who oppose the Iranian government, particularly with regard to this matter as it has drawn international attention and scrutiny. It is of utmost importance to Plaintiffs that they have this opportunity to bring Iran to justice, but ask that this Court permit them to engage in this process without risking the safety of themselves or their families.

### B. Plaintiffs in A Parallel Canadian Lawsuit Are Litigating Under Pseudonym

Suit has been brought in the Ontario Superior Court of Justice in the form of a class action against Iran for its involvement in the downing of Flight PS752.[4] In that filing, the class representative plaintiff has proceeded under pseudonym for the same reasons and concerns expressed by Plaintiffs in this case:

> The representative plaintiff has family members who are presently living in Iran. He has a well-founded and reasonable belief that if his true identity was revealed in this pleading, that his Iranian family would be put at risk of harm or death by the Iranian regime. *Id.* at ¶ 3.

The families of Flight PS752's victims are well-acquainted with Iran's history of reprisal for opposition to the Iranian government, as initially addressed in Plaintiff's Motion. However, the Flight PS752 incident has been publicized around the world, and investigations into the incident are still ongoing with representatives of several countries, drawing special attention to this case. As discussed above, relatives who have spoken out with regard to this incident have already been subjected to threats against themselves and their relatives, both within and outside Iran.

---

[4] *John Doe v. The Islamic Republic of Iran*, OSCJ, Case No. CV-20-00635078-00CP (24 Jan. 2020), available at https://static1.squarespace.com/static/5e2c96399357e236fda551a5/t/5e2cb3696db1421c54669dab/1579987817799/SOC2020.pdf.

4

### C. Plaintiffs' Concerns for Their Safety and That of Their Families Are Credible and Satisfy the Requirements to Proceed Under Pseudonym

As discussed above, Plaintiffs' fears are particular both to the specific matter at hand—the crash of Flight PS752—and are based upon documented reports of threats and harassment against other family members of victims who have publicly opposed Iran in the matter. As this Court has acknowledged, such fears are shared by many plaintiffs who bring suit against Iran:

> "A great number of claims are filed in open court against Iran and its agencies, and such litigation proceeds safely without apparent risk to the named plaintiffs or their relatives. Plaintiffs do not present facts that could support the inference that they or their relatives face particularly great risk. Without more to substantiate the plaintiffs' fears, the public's substantial interest in open proceedings weighs heavily." *Order* at 4–5.

However, Plaintiffs' fears go beyond ordinary general apprehension of reprisal from a government that frequently engages in such conduct. Their concerns are based in the documented acts of retaliation already committed against Flight PS752 victims' families. The Court has acknowledged that factors four and five of the analysis from *James v. Jacobson*, re-stated by *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019) favor Plaintiffs' motion, but indicated that factor three is "not particularly relevant" and that Plaintiffs failed to make a sufficient showing under factors one and two. *Order* at 4–5. Plaintiffs now ask that in light of the further evidence provided of specific actions taken against like parties, this Court should find that their burden has been met.

This is a matter of a "sensitive nature" as it implicates direct wrongdoing by the Iranian government resulting in the deaths of 176 individuals of varying nationalities, and requires Plaintiffs to stand in opposition to a government known to take violent action against dissidents. Iran's own actions in initially denying the firing of missiles upon Flight PS752 and later acknowledging responsibility but maintaining that the act was caused by "human error" have

5

been disputed and condemned by both private actors and political leaders around the world. Iran's actions towards other family members who have spoken out regarding their relatives' deaths during this incident have demonstrated that "identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties". *In re Sealed Case*, 931 F.3d at 97 (describing the second factor of the analysis). The significance of this risk should be evident from the already documented acts of retaliation that have occurred.

Plaintiffs assert that this risk will most certainly extend to innocent non-parties, as Iran has made clear that reprisal against family members both within and outside Iran is a common tactic used against dissidents and such actions have already been documented against parties in the context of this specific incident. For this reason, preservation of Plaintiffs' privacy is essential in this litigation and the privacy interests of Plaintiffs' families are sought to be protected by proceeding under pseudonym, even though all of Plaintiffs' living relatives are not named as parties in this suit. Such relatives can easily be identified if Plaintiffs' names are known to Defendants. The risk borne by those unnamed relatives is equal to that borne by Plaintiffs, and likely is even higher for those who still reside in Iran. For this reason, Plaintiffs have asserted under the third factor that they have compelling reasons to seek protection of the privacy interests of relatives of all ages, including their own children and the children of their respective families.

III. **CONCLUSION**

For these reasons and such other reasons as may appear just to the Court, Plaintiffs John Doe 1 and John Doe 2 request that the Court reconsider and grant their Motion to Proceed Under Pseudonym and to Seal Personally Identifying Information.

Dated:  October 28, 2020

                                             Respectfully submitted,

                                             _____
                                             Ali Herischi, Esq. (MD0024)
                                             Herischi & Associates LLC
                                             7201 Wisconsin Ave., Suite 440
                                             Bethesda, Maryland 20814
                                             Phone: 301-363-4540
                                             Fax: 301-363-4538
                                             *Attorney for Plaintiffs*