IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John Doe 1, and John Doe 2,

        *Plaintiffs*,

v.

The Islamic Republic of Iran et al.;

        *Defendants*.

Case Number: 1:20-cv-03043-TSC

### PLAINTIFFS' MOTION FOR LIMITED DISCOVERY IN AID OF DEFAULT JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

**NOW COME** the Plaintiffs, John Doe 1 and John Doe 2, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(d), to move this Court to grant limited discovery in the above-captioned civil lawsuit.

### PROCEDURAL HISTORY

On October 21, 2020, John Doe 1 and John Doe 2 (collectively, "Plaintiffs") filed a Complaint against Defendants the Islamic Republic of Iran, Supreme Leader Ali Husseini Khamenei, the Islamic Revolutionary Guard Corps ("IRGC"), and Commander in Chief of the IRGC Hossein Salami (collectively, "Iran" or "Iranian Government" or "Defendants") under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. ("FSIA") to recover for severe personal injuries and other irreparable harm suffered as a result of Defendants' acts of aircraft sabotage and extrajudicial killing of John Doe 1's brother, "John_Doe_1_Brother", and John Doe 2's sister, "John_Doe_2_Sister". *See* Doc. 1, Complaint. Plaintiffs bring this action under 28 U.S.C. §1605A of the FSIA, which provides for a private cause of action against a state sponsor of terrorism, in this case the Islamic Republic of Iran.

1

A Request of Clerk to effect service pursuant to 28 U.S.C. § 1608(a)(3) was filed with this Court on May 5, 2021. According to communications with the U.S. Department of State's Office of the Legal Adviser ("Office"), this service was performed on Defendants on September 1, 2021. Plaintiffs have not received any response from Defendants. Further, a Request of Clerk to effect service pursuant to 28 U.S.C. § 1608(a)(4) was filed with this Court on September 8, 2021. According to communications with the Office, this service was performed on Defendants on June 15, 2022. Plaintiffs have not received any response from Defendants. On July 18, 2022, the Office informed Plaintiffs' Counsel that the Office is "waiting for the certified copy of the diplomatic notes to be returned" and confirmed that once they receive the certified copy of the diplomatic notes, they will forward it to the Clerk of Court. On August 8, 2022, return of service was executed.

As Defendants are unresponsive to service of the process, and as of the date of this Motion, are in default. Plaintiffs may, and intend to, move for default judgment against Defendants as early as possible. However, in the absence of the regular course of discovery in this case, Plaintiffs need to develop the evidentiary record in support of the jurisdictional aspect of Plaintiffs' claims under 28 U.S.C. §1605A of the FSIA. Since this case is predicated upon Defendants' refusal to provide answers and evidence pertaining to the January 8, 2020, downing of Ukraine International Airlines Flight PS752, Plaintiffs submit that it is in the interests of justice to seek limited, expedited discovery so that evidence may be established not only to provide a basis for a motion for default judgment, but also to finally deliver to Plaintiffs and other families of victims of the downing the answers they have sought. As such, Plaintiffs respectfully request that this Court order limited, expedited discovery for hundred twenty (120) days under Rule 26 of the Federal Rules of Civil Procedure so that Plaintiffs may discover

information from non-parties who they either know, or have reason to believe, are in possession of relevant documents and information.

Without developing such evidentiary proof, the interests of justice will not be met in this case. Plaintiffs seek not only monetary damages, but also answers to their questions regarding the events leading to the deaths of their loved ones. Limited discovery will serve to provide such answers, while also securing sufficient factual grounds upon which Plaintiffs may then move for default judgment against Defendants.

## FACTUAL BACKGROUND

This complaint comes as a result of Defendants' downing of Ukraine International Airlines Flight PS752, a Boeing 737-800, on January 8, 2020. Flight PS752 departed from Imam Khomeini International Airport ("IKA") in Tehran, Iran, at 06:12 local time en route to Canada through Ukraine. At 06:15, the aircraft was hit by a missile and its transponder ceased to function. Thirty seconds later it was hit by a second missile. At 06:18, Flight PS752 crashed into a playground on the outskirts of Tehran, killing all 167 passengers and 9 crewmembers on board, including Plaintiffs' siblings.[1] All of this occurred during the first six minutes of flight, and amidst a weeks-long "war situation" that heightened in the days preceding the downing.

For three days following the downing, Iranian officials adamantly denied any responsibility for the crash and the possibility that it was caused by their own missiles. On January 11, 2020, after photo and video evidence began to surface of two Iranian Tor-M1 surface-to-air missiles shooting down an aircraft, then-Iranian President Hassan Rouhani admitted that Defendant the IRGC and the Iranian military were responsible for the "mistaken" targeting and launch of the two missiles.

---

[1] *See* Flight PS752 Passenger List, https://www.unian.info/society/10822121-uia-publishes-full-passenger-list-for-flight-ps752-crashed-in-iran.html.

In the hours preceding the attack, Defendant Iran's actions raised concerns, such as its failure to close the Tehran airspace to civilian air traffic while the country was in a "war situation", while placing its air defense system on "high alert" in the vicinity of IKA, and further while both Iranian civilian and military personnel fully cleared PS752 for takeoff. Further, in the months following the attack through present day, Defendant Iran's actions have raised concerns across the international community. Iran has failed to meet basic best practices for conducting an investigation of this magnitude and nature, employed excessive use of force and arbitrary detention in response to protests against the downing, refused to send Flight PS752's Flight Data Recorder and Voice Cockpit Recorder abroad for independent investigation until pressure mounted, published inconsistencies in official government reports on the downing, address clarifying questions and inquiries from U.N. officials and affected governments, respect victims by obstructing families' repatriation requests, and other measures of interference and intimidation of family members.[2] As of today, Defendants maintain that while they launched the two missiles, it was an unintentional "human error" resulting from technical errors and a "mistake of fact".

Plaintiffs allege that Defendants deliberately lied to the Iranian people, their families, and the international community about the events on January 8, 2020, and have pressured the families to accept their version of the events. Plaintiffs allege that Defendants unlawfully and

---

[2] *See e.g.*, CBC News, "Iran dumps Flight 752 investigator after he suggests Tehran kept airspace open to conceal 'imminent' attack" (July 3, 2020), https://www.cbc.ca/news/politics/audio-recording-iran-lead-investigator-flight-ps752-1.5636450; CBC News, "Secret recording suggests Iranian official concedes truth about downing of Flight PS752 may never be revealed" (Feb. 9, 2021), https://www.cbc.ca/news/politics/audio-recording-iran-minister-foreign-affairs-flight-ps752-1.5906538; CBC News, "Family members of PS752 victims report receiving threats for speaking out against Iranian regime" (Oct. 28 2020), https://www.cbc.ca/news/politics/family-members-ps752-threats-1.5780822; Human Rights Watch, "Iran: Ukraine Airline Victims' Families Harassed, Abused" (May 27, 2021), https://www.hrw.org/news/2021/05/27/iran-ukraine-airline-victims-families-harassed-abused; U.N. Special Procedures Press Release, "Attack on PS752: Iran violated multiple human rights obligations – UN experts" (Feb. 23, 2021), https://www.ohchr.org/en/press-releases/2021/02/attack-ps752-iran-violated-multiple-human-rights-obligations-un-experts.

intentionally launched the two missiles at Flight PS752, amounting to aircraft sabotage and directly resulting in the extrajudicial killing of all on board, including John_Doe_1_Brother and John_Doe_2_Sister.

## LEGAL ARGUMENT

This Court has previously noted that while Federal Rule of Civil Procedure 26 empowers the Court to order discovery without conference between parties, it provides no standard by which such motions should be assessed. *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C., 2005). Rather, this Court has looked to "two common judicial approaches" to aid in the assessment of requests for expedited discovery: first, the "*Notaro* test" set out in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982):

> [C]ourts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Second, this Court has relied on the "reasonableness test", considering the "reasonableness of the request in light of all of the surrounding circumstances". These factors include:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *In re Fannie Mae* at 142 (citing *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832, 2003 WL 22519440, at *3-5.)

Under either test, Plaintiffs assert that the requested discovery is appropriate in this case. As Defendants are unresponsive, no typical discovery period is anticipated without the Court's order, and Plaintiffs would be obliged to move for default judgment to advance proceedings against Defendants. Plaintiffs have not moved for a preliminary injunction to preserve evidence.

Plaintiffs seek the Court's permission to engage in discovery at this time rather than proceed to a motion for default judgment without further evidence in the record.

1. **Plaintiffs request limited, expedited discovery so that they may subsequently move for default judgment.**

Plaintiffs intend to move for default judgment because Defendants are unresponsive and have not attempted to participate in litigation. However, Plaintiffs have asserted several claims against Defendants that require discovery to be sufficiently established to justify default judgment pursuant to Fed. R. Civ. Proc. 55(b)(2)(C). This case involves deliberate actions taken by Defendants to prevent Plaintiffs from uncovering details regarding the downing of Flight PS752 and put an end to the public demands for accurate and consistent information. Plaintiffs have chosen to pursue litigation both to uncover the truth and to hold Defendants accountable for their actions. The discovery process is therefore essential to the success of Plaintiffs' suit. Many third parties have asserted facts that contradict the official story promoted by Defendants. Discovery of this information will establish evidence of Defendants' illegal actions, essential to establish the truth of Plaintiffs' allegations under Federal Rule of Civil Procedure 55(b)(2)(C).

2. **Under the *Notaro* test, Plaintiffs should be granted limited, expedited discovery.**

Plaintiffs satisfy each element of the *Notaro* test, outlined above, and should therefore be granted limited expedited discovery in this case. If Plaintiffs are not permitted to engage in discovery prior to moving for default judgment against Defendants, they will suffer irreparable injury. Defendants have consistently engaged in actions to prevent the family members of those on board Flight PS752, including Plaintiffs, from learning the truth regarding the events of January 8, 2020.[3] Plaintiffs hope and reasonably anticipate that through this suit they may learn

---

[3] *See e.g.*, CBC News, "Family members of PS752 victims report receiving threats for speaking out against Iranian regime" (Oct. 28 2020), https://www.cbc.ca/news/politics/family-members-ps752-threats-1.5780822; and Human

the truth. Without discovery, evidence corroborating these statements and assertions will likely not be uncovered. This would not only prevent Plaintiffs from attaining the full information they seek, but would also likely prevent Plaintiffs from sufficiently proving their case to succeed in a motion for default judgment and, thus, further exacerbate their suffering. However, with this evidence, Plaintiffs will be able to establish the truth of their allegations for the purposes of Fed. R. Civ. Proc. 55(b)(2)(C). The requested discovery is therefore directly linked to the injury that Plaintiffs would suffer, and as Defendants are unresponsive, ordering discovery would not cause undue injury to Defendants. This motion is not made for the purpose of delay or for the purpose of prejudice to Defendants, but will facilitate and advance this action.

### 3. Under the reasonableness test, Plaintiffs should be granted limited, expedited discovery.

Considering each factor of the "reasonableness test", outlined above, "in light of all the surrounding circumstances", Plaintiffs' request for limited expedited discovery is reasonable and should therefore be granted in this case.

Plaintiffs are seeking discovery of information essential to the disposition of this suit. The information Plaintiffs intend to seek will be requested primarily of third parties, not directly from Defendants. Therefore, discovery will not place undue burden upon Defendants, who are nonetheless unresponsive and not actively engaged in litigating this case. Due to Defendants' unresponsiveness, Plaintiffs must seek information from third parties that could have been provided by Defendants; therefore, the burden of discovery lies upon Plaintiffs and not Defendants.

The breadth of discovery will be focused upon establishing admissible evidence to prove the core claims of Plaintiffs' case against Defendants. As discussed above, Plaintiffs seek to

---

Rights Watch, "Iran: Ukraine Airline Victims' Families Harassed, Abused" (May 27, 2021), https://www.hrw.org/news/2021/05/27/iran-ukraine-airline-victims-families-harassed-abused.

establish evidence of the actual events of January 8, 2020, of Defendants' intentional efforts to misinform the international community as to those events, and Defendants' retaliatory actions against Plaintiffs and other family members of those on board Flight PS752. Plaintiffs further believe that this discovery process will enable them to demonstrate Defendants' unlawful and intentional downing of Flight PS752, amounting to aircraft sabotage and directly resulting in the extrajudicial killing of all on board, including John_Doe_1_Brother and John_Doe_2_Sister. As Defendants are unresponsive, discovery is requested so that Plaintiffs may sufficiently prepare their arguments for a motion for default judgment. The typical discovery process would not otherwise occur, and Plaintiffs ask that this Court order the requested discovery to ensure that they have the ability to pursue such essential evidence.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Limited Discovery for hundred twenty (120) days to assist Plaintiffs in preparing a motion for default judgment against Defendants.

Respectfully submitted,

Dated September 22, 2022.

_____/s/_____
Ali Herischi, Esq. (MD0024)
Herischi & Associates LLC
7201 Wisconsin Ave. Ste. 440
Bethesda, MD 20814
ali.herischi@ibhlaw.com
Tel.: 301.363.4540

*Attorney for Plaintiffs*